IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHANE TOMS,

    Petitioner,

v.                                         Civil Action No. 1:07cv174
                                              (Judge Keeley)

WAYNE A. PHILLIPS, Warden,

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case on December 19, 2007, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in which he seeks an order directing the Bureau of Prison ("BOP") to transfer him to a Community Corrections Center ("CCC") for the last six months of his term of imprisonment. The petitioner paid the required filing fee on December 26, 2007.

On January 2, 2008, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted at that time. Consequently, the respondent was directed to file an answer to the petition and did so on January 31, 2008, by filing a Motion to Dismiss. The Court issued a Roseboro Notice on February 4, 2008, and the petitioner filed a response to the respondent's motion on March 3, 2008. This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

**I.    Factual and Procedural History**

The petitioner was convicted in the United States District Court for the District of South Carolina and sentenced to an 18 month term of incarceration. See Memorandum (dckt. 7) p. 1. The

petitioner was subsequently designated to serve his sentence at FCI Morgantown.

In his petition, the petitioner asserts that the BOP's policy of transferring prisoners to a CCC for the last 10% of their term of imprisonment is standard procedure. Additionally, the petitioner asserts that the BOP's policy for transferring prisoners to a CCC for the last 10% of their term of imprisonment has been ruled unconstitutional. Therefore, he seeks consideration of his CCC placement date without reliance on the challenged regulations.

## II.   Historical Background

Prior to December 2002, the BOP had a policy of placing prisoners in a CCC for up to six months, regardless of the total length of the inmate's sentence. See BOP Program Statement 7310.04. However on December 13, 2002, the Office of Legal Counsel for the Department of Justice issued a memorandum stating that this practice was inconsistent with 18 U.S.C. § 3624(c) which, in its opinion limited an inmate's placement in a CCC to the lessor of six months or ten percent of the inmates's sentence. Section 3624(c) provides as follows:

> The Bureau of Prison shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 percent of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

The BOP adopted the Office of Legal Counsel's interpretation of the statute, and numerous habeas petitions challenging the December 2002 Policy were filed. The First and Eighth Circuits, as well as many other district courts,[1] found the policy contrary to the plain meaning of 18 U.S.C.

---

[1] See Goldings v Winn, 383 F.3d 17 (1st Cir. 2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004); Cato v. Menifee, 2003 WL 22725524 at *4 (S.D.N.Y. Nov. 20, 2003)(collecting

§ 3621(b) which states:

> The Bureau shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
> (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In response to those decisions, the BOP created a new regulation in 2005 governing the placement of inmates in CCCs. These regulations state that the BOP was engaging in a "categorical exercise of discretion" and choosing to "designate inmates to [CCC] confinement . . . during the last ten percent of the prison sentence being served not to exceed six months." 28 C.F.R. § 570.20-21. The new regulation expressly prohibits placement of prisoners in CCCs prior to the pre-release phase of imprisonment and provides:

When will the **Bureau designate** inmates to **community** confinement?

---

cases).

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the **last ten percent** of the **prison sentence** being **served**, not to exceed six months.
>
> (b) We may exceed the time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abusetreatment program . . . or shock incarceration program) . . .

28 C.F.R. § 570.21 (Emphasis added). It is this regulation which prompts the petitioner's habeas challenge in the instant case.

## III.    Analysis

### A.    Petitioner's Contentions

In his petition, petitioner asserts that the 10% rule for CCC placement is the standard BOP policy utilized by FCI Morgantown. Additionally, petitioner asserts that the BOP's overall policy of the 10% limitation is contrary to the plain meaning of 18 U.S.C. § 3621(b). According to the petitioner, § 3261(b) gives the BOP discretionary authority to place federal inmates in CCC placement at any time during their prison term. Petitioner further asserts that 18 U.S.C. § 3624(c) "imposed an affirmative discretion-less obligation on the BOP, where practicable, to send an offender to a less restrictive facility during a transitional period prior to final release." See Petition (dckt. 1) p. 4. Based on this interpretation, petitioner contends that FCI Morgantown is unlawfully denying petitioner's transfer. Therefore, petitioner demands the Court order FCI Morgantown to transfer petitioner to a CCC or Halfway house for the last six months of his term of imprisonment.

### B.    The Government's Contentions

In its motion to dismiss, the Government contends that the petitioner's unit team has reviewed the case filed and made a CCC referral date, based solely on the five factors enumerated

4

in 18 U.S.C. § 3621(b). See Memorandum (dckt. 7) Exhibit 1. In that referral, the petitioner was recommended for CCC placement of 30-45 days. Id. Therefore, the government argues that the petition should be dismissed as moot because the petitioner has received the relief sought in the petition and there is no live case or controversy remaining.

C.     **Plaintiff's Response**

In his response to the respondent's motion to dismiss, the petitioner merely reviews his personal history. The petitioner recalls filling out the paper work for his potential CCC placement. Additionally, petitioner laments about his lack of possible jobs after being incarcerated and the geographical distance between his family. According to the petitioner, allowing him only 45 days to adjust to life outside prison will not be enough time. Further, petitioner asserts that BOP Program Statement 7310.04 mandates that the petitioner be transferred to a CCC closer to his residence in South Carolina.

D.     **Pertinent Caselaw**

The Third Circuit Court of Appeals was the first court of appeals to address the issue raised in the instant case. In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the Third Circuit recognized that the various district courts to address this issue were split as to the validity of the BOP's 2005 regulations. See Woodall at 244 (collecting cases). However, after analyzing the conflicting opinions, the Third Circuit found the regulation unlawful. Id. Specifically, the Third Circuit found that the governing statute, 18 U.S.C. § 3621(b), "lists five factors that the BOP must consider in making placement and transfer determinations. The 2005 regulations, which categorically limit the amount of time an inmate may be placed in a Community Corrections Center ("CCC"), do not allow the BOP to consider these factors in full." Id. at 237. More specifically, the

Court noted:

> [t]he regulations do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence. And yet, according to the text and history of § 3621, these factors must be taken into account. The regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations.

Id. at 244; see also Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71, 85-87 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006).

Relying on the clear weight of authority, this District has likewise concluded that the challenged regulations are invalid. See Smith v. Gutierrez, 2:06cv121 (N.D.W.Va. Sept. 26, 2007) (Maxwell, Sr. J.); Simcoke v. Phillips, 1:07cv77 (N.D.W.Va. Sept. 18, 2007) (Keeley, C. J.); Jaworski v. Gutierrez, 5:06cv157 (N.D.W.Va. Aug. 23, 2007) (Stamp, Sr. J.); Murdock v. Gutierrez, 3:06cv105 (N.D.W.Va. July 24, 2007) (Bailey, J.). However, in doing so, the Court has made clear that such a decision does not entitle any inmate to an Order from this Court directing that he be immediately transferred to a CCC for the last six months of his sentence. Id. In fact, the Court has explicitly noted that the BOP's regulations are invalid only to the extent that an inmate's placement in a CCC is limited to the lessor of 10% of his sentence, or six months, without consideration of the five factors set forth in 18 U.S.C. § 3621(b). Id. Thus, the invalidation of the BOP's regulations merely entitles an inmate to have his CCC placement considered in accordance with the five factors set forth in § 3621(b).

E. **Mootness**

Article III of the United States Constitution, limits the jurisdiction of the federal courts to

cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Upon a review of the record, contrary to petitioner's belief, he is not entitled to an order compelling a six month placement or a placement of any specific duration. Instead, the petitioner is only entitled to a review conducted in accordance with §3621(b). The irrefutable facts of the record show that Petitioner has been accorded the §3621(b) review he seeks. See Memorandum 9dckt. 7) Exhibit 1, ¶ 6 and Attachment B. The record shows that the BOP did not utilize the so-called 10% policy codified at 28 C.F.R. §§ 570.20 and 570.21. Id. On the contrary, the records shows he that petitioner's review was pursuant to the five factors found in §3621(b). Id. Therefore, to the extent that the petitioner seeks an Order from the Court directing that he be granted the full six months CCC placement, that is simply not that this Court is capable of granting. See Woodall v. Federal Bureau of Prisons, 432 F.3d at 251 ("that the BOP may assign a prisoner to a CCC does not mean that it must"); see also Crahan v. Adams, 2004 WL 4020190 *17 (S.D.W.Va. June 28, 2004) (federal prisoners have no right under § 3621(b) to placement in a halfway house for the full six months).

IV. **Recommendation**

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (dckt. 7) be **GRANTED** and the petitioner's § 2241 petition be **DENIED** and **dismissed with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and

Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984);

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 27, 2008.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE